IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00945-PAB-BNB

WILLIAM GIVENS,

Plaintiff,

v.

JAMES LANDER,
JACKIE JONES, and
GARY TORREZ,

Defendants.

_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the plaintiff's **Motion for Temporary Restaining** [sic] **Order** [Doc. #14, filed 06/16/2009] (the "Motion").  I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff filed his Prisoner Complaint (the "Complaint") on April 24, 2009.  The Complaint is brought against prison officials at the Fremont Correctional Facility.  The Complaint asserts two claims.  Claim One alleges a violation of the plaintiff's First Amendment right to free speech.  Claim Two alleges a violation of the plaintiff's First Amendment right to access the courts.

The plaintiff's motion for injunctive relief is brought against prison officials at the Buena Vista Correctional Complex.  The plaintiff seeks injunctive relief for his "health and safety" because he was "grope by one of the guards" at the Buena Vista Correctional Complex; he filed a grievance against the staff for groping him; and the staff is retaliating against him for filing the

grievance.

The plaintiff may not use this action to seek an injunction concerning events and defendants that are wholly unrelated to those asserted in the existing Complaint. If the plaintiff wishes to assert a claim for injunctive relief regarding events that occurred at the Buena Vista Correctional Complex, he must either file a separate complaint raising those issues or seek leave to amend his complaint to include those claims.[1] Accordingly,

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[1] The plaintiff recognizes that he "made a mistake" when he filed his Motion under this civil action number. *Response to Defendants'* [sic] *Motion for Temporary Restraining* [sic] *Order* [Doc. #21]. However, he has not attempted to file a separate action against Buena Vista Correctional Complex officials.

Dated October 27, 2009.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge