IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00945-PAB-BNB

WILLIAM GIVENS,

Plaintiff,

v.

JAMES LANDER,
JACKIE JONES, and
GARY TORREZ,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on **Defendants' Motion for Summary Judgment on Plaintiff's Prisoner Complaint** [Doc. #40, filed 01/19/2010] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed. R. Civ. P., provides that summary judgment should be

rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 447 U.S. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II. UNDISPUTED MATERIAL FACTS[1]

1. The defendants were employees of the Colorado Department of Corrections ("DOC") at all times relevant to the allegations of the Complaint. *Motion*, p. 2, ¶ 1, *Plaintiff's Answer to Defendant's Summary Judgment* [Doc. 49] (the "Response"), p. 2; *Prisoner Complaint* [Doc. #3] (the "Complaint"), p. 2.[2]

2. The DOC has a classification system for identifying sex offenders in order to provide specialized sex offense specific treatment during the inmate's period of incarceration and reduce recidivism upon release. *Motion*, p. 2, ¶ 2 and Ex. A-1, § I; *Response*, p. 2.

3. The DOC defines a "Judicially Determined Sex Offender" as an inmate who "has received judicial determination" by conviction or adjudication. *Motion*, p. 2, ¶ 3 and Ex. A-1, § III-D; *Response*, p. 2.

4. Judicially determined sex offenders have a "sexual violence needs code" of S-5 on a progressively increasing scale from S-1 to S-5. *Motion*, p. 2, ¶ 4 and Ex. A-1, § IV-A-1; *Response*, p. 2.

5. Inmates classified as S-3, S-4, or S-5 are labeled as sex offenders by the DOC for purposes of treatment and rehabilitation. *Motion*, p. 3, ¶ 6 and Ex. A-1, § III-G; *Response*, p. 2.

---

[1] The plaintiff does not specifically dispute any of the defendants' factual statements. Although he makes several statements of his own, and although his response to the Motion is verified, his statements are largely conclusory or are not based on personal knowledge. *Plaintiff's Answer to Defendant's Summary Judgment* [Doc. 49] (the "Response"). I do not consider these statements in my analysis of the Motion. Affidavits must be based on personal knowledge and must set forth facts that would be admissible in evidence. Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotations and citation omitted). "Conclusory and self-serving affidavits are not sufficient." Id.

[2] The Complaint is not consecutively paginated. I cite to the page numbers of the Complaint as they are assigned by the court's docketing system.

6. On March 8, 1995, the plaintiff was convicted of Second Degree Kidnapping in violation of C.R.S. §18-3-302(1); Sexual Assault in the First Degree in violation of C.R.S. §18-3-402(1)(e); Menacing in violation of C.R.S. §18-3-206; and Assault in the Third Degree in violation of C.R.S. § 18-3-204. *Motion*, p. 3, ¶ 7 and Ex. A-2; *Response*, p. 2.

7. The plaintiff is classified by the DOC as an S-5 sex offender due to his conviction for First Degree Sex Assault. *Motion*, p. 3, ¶ 8; *Response*, p. 2; *Reply in Support of Defendants' Motion for Summary Judgment* [Doc. #50], (the "Reply"), Ex. A-18, ¶ 4.

8. Incarcerated sex offenders who are not eligible for participation in the Sex Offender Treatment and Monitoring Program ("SOTMP") are classified as S-5D. *Motion*, p. 3, ¶ 9 and Ex. A-1, § IV-B-3; *Response*, p. 2.

9. The DOC enacted Administrative Regulation 300-26 to provide guidelines governing offender access to publications. *Motion*, p. 3, ¶ 10 and Ex. A-7, § II; *Response*, p. 2.

10. SOTMP staff or Mental Health Department staff may restrict a sex offenders reading materials in an effort to promote individualized rehabilitative goals and participation in the rehabilitation process regardless of whether the offender is actually participating in SOTMP or other mental health programs. *Motion*, p. 3, ¶ 11; Ex. A-7, § IV-A-1; and Ex. A-8; *Response*, p. 2.

11. While at the Fremont Correctional Facility ("FCF"), the plaintiff received a form entitled "More Stringent Reading Material Restrictions for Above Named Sex Offender." The document was signed by a SOTMP or Mental Health staff member on November 16, 2007. *Motion*, p. 4, ¶ 13 and Ex. A-9; *Response*, p. 2.

12. The plaintiff was restricted from subscribing to or possessing "any sexually oriented magazines or periodicals, or other reading or viewing material deemed to be pornographic or contrary to . . . individualized rehabilitative interests and goals." *Motion*, p. 4, ¶ 14 and Ex. A-9, p. 1; *Response*, p. 2.

13. The plaintiff was specifically prohibited from viewing materials that depicted "transparent clothing, tight fitting clothes, minimal clothing such as underwear or bikini/bathing suites" as it would hinder his rehabilitation. *Motion*, p. 4, ¶ 15 and Ex. A-9, p. 1; *Response*, p. 2.

14. The plaintiff held subscriptions to both "Curves" and "Smooth Girl" magazines. *Motion*, p. 4, ¶ 18 and Ex. A-10; *Response*, p. 2; *Complaint*, p. 4. These magazines included photographs of women posing while wearing minimal clothing. *Motion*, p. 5, ¶ 19 and Ex. A-13; *Response*, p. 2.

15. On November 17, 2007, the plaintiff refused to sign the "More Stringent Reading Material Restrictions for Above Named Sex Offender" form. *Motion*, p. 4, ¶ 16 and Ex. A-9, p. 2; *Response*, p. 2.

16. On December 23, 2008, the Executive Director of the DOC issued an "Executive Assignment Order" to transfer the plaintiff from FCF to the Buena Vista Correctional Facility ("BVCF"). *Motion*, p. 5, ¶ 20; Ex. A-14; and Ex. A-15; *Response*, p. 2. 21. The reason for the order was the DOC's classification of the plaintiff as an S-5D. *Motion*, p. 5, ¶ 21 and Ex. A-14, ¶ III-D; *Response*, p. 2.

17. On January 1, 2009, the plaintiff filed an administrative grievance related to the restrictions on his reading materials. *Motion*, p. 5, ¶ 22 and Ex. A-10; *Response*, p. 2. The

grievance was denied on January 26, 2009, by defendant Landers and received by the plaintiff on February 3, 2009. *Motion*, p. 5, ¶ 22 and Ex. A-11; *Response*, p. 2.

18. The plaintiff was moved from FCF to BVCF on or about January 6, 2009. *Motion*, p. 5, ¶ 23 and Ex. A-16; *Response*, p. 2.

19. Movement from FCF and BVCF is lateral in nature and not regressive because each facility is a Level III Security Facility. *Motion*, p. 5, ¶ 24 and Ex. A-17, § IV-B; *Response*, p. 2.

The plaintiff asserts two claims for relief. Claim One alleges that the defendants violated his First Amendment right to free speech when they withheld his magazines. *Complaint*, p. 4. Claim Two alleges that the defendants transferred the plaintiff to BVCF in retaliation for filing a grievance regarding the magazines. Id. at p. 5. The plaintiff seeks injunctive relief and damages. Id. at p. 7.

## III. ANALYSIS

### A. Eleventh Amendment Immunity

The defendants assert that they are entitled to Eleventh Amendment Immunity insofar as the plaintiff is suing them in their official capacities. The Eleventh Amendment bars suits in federal courts against unconsenting states by the state's own citizens and by citizens of another state. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted). Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979).

The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. Pennhurst, 465 U.S. at 102-03,105-06. The defendants are employed by the Colorado Department of Corrections (the "DOC"). *Complaint*, p. 2. The DOC is an agency or subdivision of the State of Colorado. Consequently, the Eleventh Amendment bars suit against the defendants in their official capacities for retroactive monetary relief. I respectfully RECOMMEND that the plaintiff's claims against the defendants in their official capacities for retroactive monetary relief be DISMISSED based on Eleventh Amendment immunity.

### B. Qualified Immunity

The defendants assert that they are entitled to qualified immunity insofar as they are sued in their individual capacities. Qualified immunity shields government officials from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity not only shields a defendant from unwarranted liability, it also protects the defendant from the burdens of defending a suit. Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001). The qualified immunity defense is available only to government officials sued in their individual capacities. Buchwald v. University of New Mexico School of Medicine, 159 F.3d 487, 492 (10th Cir. 1998).

When a defendant asserts a qualified immunity defense on summary judgment, a heavy two-part burden shifts to the plaintiff. Medina, 252 F.3d at 1128. The plaintiff must establish that "the defendant's actions violated a constitutional or statutory right." Scull v. New Mexico, 236 F.3d 588, 595 (10th Cir. 2000) (internal quotations and citations omitted). The plaintiff must

7

also show "that the constitutional or statutory right the defendant allegedly violated was clearly established at the time of the conduct at issue."[3] Id. "A right is clearly established only if there is a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts has found the law to be as the plaintiff maintains. Only if the plaintiff establishes both elements of the test does the defendant bear the traditional burden of showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law." Id. "If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity." Medina, 252 F.3d at 1128.

### 1. Claim One

Claim One alleges that the defendants violated his First Amendment right to free speech when they withheld his magazines. A prison official's regulation of access to publications is valid if it is reasonably related to legitimate penological interests. Thornburgh v. Abbott, 490 U.S. 401, 413 (1989). In evaluating the prison's interests, the court is guided by the four factors identified in Turner v. Safley, 482 U.S. 78, 89-91 (1987), to determine whether the restriction was reasonable. Kay, 500 F.3d at 1218-19. The factors are: (1) "whether the governmental objective underlying the regulations at issue is legitimate and neutral, and [whether] the regulations are rationally related to that objective"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact that accommodation of the asserted constitutional right will have on others (guards and inmates) in the prison"; and (4)

---

[3]The order in which I may consider these factors is discretionary. Pearson v. Callahan, __ U.S. __, __, 129 S. Ct. 808, 818 (2009); Shroff v. Spellman, 604 F.3d 1179, 1188 (10th Cir. 2010).

whether there exists "an obvious, easy" alternative. Thornburgh, 490 U.S. at 414, 417, 418. See also Jones v. Salt Lake County, 503 F.3d 1147, 1153-54 (10th Cir. 2007).

It is undisputed that the plaintiff was convicted of First Degree Sexual Assault in 1994. It is also undisputed that the plaintiff is prohibited from possessing sexually oriented materials including "Curves" and "Smooth Girls" because possession of those materials would be contrary to the individualized rehabilitative goals established for the plaintiff. The form which restricts the plaintiff's reading materials explains the rationale for the restriction:

> In this case[] the victim was an adult female. This sexual assault[] included him kidnapping the victim, taking her to [] an unknown location, physically assaulting her, and forcing oral sex. Because of his objectifying and deviant sexual arousal to adult females he should not be allowed to view the above listed material . . . as it may hinder his treatment and rehabilitation goals. The above materials may aid Mr. Givens in continuing his sexually abusive thoughts and distortions, promoting and exacerbating his sexual abuse cycle.
>
> In addition to the materials mentioned above, Mr. Givens should also be prohibited from viewing materials that show full nude, partial nude (parts of the genitals, buttocks, or breasts), and clothing that depicts any genitals, buttocks, or breasts (i.e. transparent clothing, tight fitting clothes, minimal clothing such as underwear or bikini/bathing suit[]s) of any adult female as this will encourage his objectifications.

*Motion*, Ex. A-9, pp. 1-2.

The plaintiff does not dispute that both the "Curves" and "Smooth Girl" magazines included photographs of women posing while wearing minimal clothing. Thus, the defendants have demonstrated that prohibiting the plaintiff from viewing the magazines is rationally related to the legitimate and neutral objective of his rehabilitation.

As to the second Turner factor, "the right in question must be viewed sensibly and expansively." Thornburgh, 490 U.S. 417 (internal quotations and citation omitted). Although the plaintiff is restricted from receiving sexually oriented materials, the record does not contain any evidence that the plaintiff is restricted from receiving magazines and other materials that are not sexually oriented. To the contrary, the same regulation that restricts the plaintiff from receiving sexually oriented materials permits a broad range of publications to be sent, received, and read, so long as the publications and reading materials are not contrary to security, public safety, or the individual rehabilitation goals of an inmate. Id. at Ex. A-7, § IV-A-1.

The plaintiff has not provided any evidence to show that the third Turner factor weighs in his favor (that removal of the restriction will have a minimal impact on others), nor has he demonstrated any obvious, easy alternatives to the restrictions as outlined by the fourth Turner factor.

The plaintiff has failed to meet his burden to show that the defendants have violated his First Amendment rights by restricting his access to "Curves" and Smooth Girl" magazines. Therefore, the defendants are entitled to qualified immunity on Claim One. Scull, 236 F.3d 588, 595.

### 2. Claim Two

Claim Two alleges that the defendants transferred the plaintiff to BVCF in retaliation for filing a grievance regarding the magazines. "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his rights to access the courts." Smith v. Mashner, 899 F.2d 940, 947 (10th Cir. 1990). "This principle applies even if the action taken in retaliation

would be otherwise permissible." Id. at 948. The right of meaningful access to the courts includes an inmate's right to utilize established prison grievance procedures. Id. at 947.

An inmate, however, is not "inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he is engaged in protected activity." Peterson v. Shanks, 149 F.3d 1140,1144 (10th Cir. 1998). Therefore, to prevail on a claim of retaliation a plaintiff "must prove that but for the retaliatory motive, the incidents to which he refers . . . would not have taken place." Id. (quotations and citation omitted). "An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." Id. (quotations and citation omitted) (emphasis in original).

It is undisputed that the plaintiff was transferred from FCF to BVCF because of his S-5D classification. It is further undisputed that the plaintiff filed his grievance after the transfer order was issued. The plaintiff has failed to meet his burden to show that the defendants have retaliated against him in violation of his constitutional rights. Therefore, the defendants are entitled to qualified immunity on Claim Two. Scull, 236 F.3d 588, 595.

### C. Prospective Injunctive Relief

The remaining claim is for prospective injunctive relief against the defendants in their official capacities. As stated in my analysis of Claim Two, the undisputed material facts demonstrate that the defendants are entitled to judgment as a matter of law. As to Claim One, neither party has provided evidence regarding the third Turner factor,[4] and it is the plaintiff's burden under the fourth factor to "point to an alternative that fully accommodates the prisoner's

---

[4]The defendants provide only the argument of counsel.

rights at *de minimis* cost to valid penological interests." Thornburgh, 490 U.S. at 418. The plaintiff has failed to identify an alternative. The first and second factors weigh heavily in favor of the defendant. I find as a matter of law that, despite the absence of any evidence regarding the third Turner factor, the defendants' restriction of the plaintiff's magazines is reasonable under the First Amendment. Therefore, the defendants are entitled to summary judgment on Claim One.

### IV. CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 4, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge