IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00945-PAB-BNB

WILLIAM GIVENS,

    Plaintiff,

v.

JAMES LANDER,
JACKIE JONES, and
GARY TORREZ,

    Defendants.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the recommendation of United States Magistrate Judge Boyd N. Boland, filed on August 4, 2010 [Docket No. 55] ("the Recommendation"). The Recommendation concludes that the defendants are entitled to summary judgment on both of plaintiff's claims and, therefore, recommends that the Court grant defendants' motion for summary judgment [Docket No. 40]. On August 24, 2010, plaintiff filed an objection [Docket No. 60] to the Recommendation. Where a party timely files objections to a magistrate judge's recommended adjudication of a dispositive motion, the Court reviews the objected-to portion of the recommendation de novo. Fed. R. Civ. P. 72(b).

The Court has reviewed de novo plaintiff's complaint, defendants' motion for summary judgment and the related briefs, the Recommendation, and plaintiff's objection to the Recommendation. The Court concludes that the magistrate judge's

findings of fact and conclusions of law are correct. Specifically, the Court concurs that plaintiff's claims for damages against the defendants in their official capacity are barred by the Eleventh Amendment. *See* Recommendation at 6-7; *cf. Muscogee (Creek) Nation v. Oklahoma Tax Comm'n*, 611 F.3d 1222, 1233 (10th Cir. 2010) ("When a state official is sued in his or her official capacity, the Eleventh Amendment bars retrospective relief, usually in the form of money damages, because any such judgment is deemed directed at the state as the real party in interest rather than the nominal officer."). The Court also agrees with the magistrate judge that the remainder of both of plaintiff's claims fail as a matter of law. The undisputed facts fail to show the alleged constitutional violations. The withholding from plaintiff of magazines with sexual content does not violate his First Amendment rights in this context. *See* Recommendation at 7-10, 11-12. Finally, the magistrate judge was correct in concluding that, as a matter of law, plaintiff cannot maintain a retaliation claim where it is undisputed that the allegedly retaliatory act – here, the decision to transfer plaintiff – preceded the act that purportedly prompted retaliation – here, plaintiff's grievance. *See* Recommendation at 10-11.

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 55] is ACCEPTED. Defendants' motion for summary judgment [Docket No. 40] is GRANTED. It is further

2

**ORDERED** that the Clerk of the Court shall forthwith enter judgment in favor of defendants James Lander, Jackie Jones, and Gary Torrez and against plaintiff William Givens on all of plaintiff's claims.

DATED September 13, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge